IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | No. 20-cr-10005-1-STA |
| ) | |
| WILLIAM RAINEY,   ) | |
| ) | |
| Defendant.   ) | |

### ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER

On April 23, 2020, Defendant William Rainey filed an appeal of the Magistrate Judge's detention order. (ECF No. 233.) Because Defendant did not explain how the Magistrate Judge's determination was inconsistent with the factors outlined in 18 U.S.C. § 3141, he was ordered to supplement his notice of appeal to specify why he believes the Magistrate Judge's decision was incorrect. (ECF No. 234.) Defendant has filed his supplement (ECF No. 236), and the Government has filed a response to the supplement. (ECF No. 243.) For the reasons set forth below, Defendant's appeal is **DENIED**.

Defendant is charged with (1) conspiracy to possess with the intent to distribute in excess of 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 846; (2) possession with the intent to distribute in excess of 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1); (3) possession with the intent to distribute in excess of 5 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1); (4) being a convicted felon who knowingly possessed firearms; and (5) knowing possession of a firearm in furtherance of a drug trafficking crime, to wit: possession with intent to distribute in excess of 5 grams of actual

methamphetamine, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant faces a mandatory-minimum sentence of not less than 10 years and not more than life imprisonment on Counts 1 and 2; not less than 5 years and not more than 40 years on Count 3; not more than 10 years on Count 4; if Defendant is found to have two prior convictions for violent felonies or serious drug offenses, then the punishment is not less than 25 years and not more than life imprisonment. *See* 18 U.S.C. § 924(e). Counts 1, 2, 3 and 5 carry a presumption of detention under 18 U.S.C. § 3142(e)(3)(A) & (B).

A hearing on Defendant's motion for bond was heard on April 10, 2020. The Magistrate Judge denied Defendant's request for bond. (ECF No. 211.) Defendant has now appealed that decision due to the recent outbreak of COVID-19 and his potential exposure to that disease at his current housing facility and because the Magistrate Judge allegedly gave undue weight to Defendant's criminal history.

A district court reviews a magistrate judge's detention order *de novo*. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (explaining that the majority view favors a district court's *de novo* review of detention orders by magistrate judges); *see also United States v. Watkins*, 2013 WL 614252 (E.D. Ky. Feb. 19, 2013) (noting that "[w]hile 18 U.S.C. § 3145 clearly provides this Court with jurisdiction to review the Magistrate Judge's detention order, it does not set out the standard of review … [n]or has the Sixth Circuit Court of Appeals spoken directly on this issue," but "most district courts in the Sixth Circuit have applied the *de novo* standard of review.") A judicial officer must order the detention of a defendant pending trial upon a finding that no condition or combination of conditions will reasonably assure either the appearance of the defendant or the safety of the community. 18 U.S.C. § 3142(e). The judicial officer must consider several factors in making this determination, including (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to people in the community that the defendant's release would pose. *Id.* § 3142(g).  Subject to rebuttal by the defendant, there is a presumption that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community if the judicial officer finds probable cause to believe the defendant committed, among other crimes, an offense under 18 U.S.C. § 3142(e)(3)(A) and (B).[1]

The presumption shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person or the community. *United States v. Woods*, 230 F.3d 1361 (6th Cir. Sept. 28, 2000) (unpublished table decision).  If a defendant rebuts the presumption in favor of detention, the government must then establish risk of flight by a preponderance of the evidence or danger to the community by clear and convincing evidence. *See United States v. Kirk*, 992 F.2d 1218 (6th Cir. May 13, 1993) (unpublished table decision) ("The government is required to demonstrate risk of flight by a preponderance of the evidence."); *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) ("[B]etween flight and dangerousness...the clear and convincing standard applies only to the latter.").  However, the presumption in favor of detention does not "vanish simply because a defendant rebuts it."

---

[1] 18 U.S.C.A. § 3142(e)(3) provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
> (B) an offense under section 924(c), 956(a), or 2332b of this title….

*Woods*, 230 F.3d 1361 at *1. Instead, a rebutted presumption retains some evidentiary weight. *Id.* Thus, the Court may give the presumption some weight by keeping in mind that Congress has determined that certain classes of offenders pose special risks of flight and danger to society. *See id.*; *see also United States v. Ledbetter*, 2015 WL 5047994 (S.D. Ohio Aug. 27, 2015)

Although Defendant attempts to rely on his fear that he may contract Covid-19, he has not offered any evidence that he is at risk for the disease or that, if he contracts it, he would not receive proper and necessary treatment at his facility. Defendant's fear does not undermine the propriety of detention under 18 U.S.C. § 3142(e), nor does it justify temporary release under 18 U.S.C. § 3142(i).

As for Defendant's argument that the Magistrate Judge gave too much emphasis to his arrest history because his record is "relatively minimal and does not show a history of convictions for violent crimes" (Supp. p. 2, ECF No. 236), the Magistrate Judge correctly noted that Defendant has a "troubling criminal history" that includes "multiple controlled substance charges and convictions and multiple probation revocations." (Order, p. 2, ECF No. 211 (relying on Pretrial Services Report, ECF No. 89)). Defendant's record of probation violations is evidence to the Court that he would not comply with any conditions of release set for him. As noted in the Pretrial Services Report (*id.* at pp. 5-6), Defendant poses a risk of nonappearance based on his history of substance abuse, criminal activity while under supervision, history of failure to appear, lack of verifiable employment, and prior probation violations. The Magistrate Judge properly considered this report in making his decision, and this Court concurs. Moreover, although Defendant disputes this, there is evidence that he is a member of the Aryan Nation prison gang according to the Tennessee Department of Correction.

Additionally, the nature and circumstances of the charged offenses weigh in favor of detention. Defendant is alleged to have operated a drug trafficking organization with out-of-state connections. When Defendant was arrested on an outstanding violation of probation warrant, he was allegedly found to be in possession of a firearm and approximately one ounce of methamphetamine. A search was later conducted at Defendant's residence, where an additional five firearms were seized. According to the Government, Defendant admitted to distributing over 150 pounds of methamphetamine. The Court finds probable cause to believe Defendant committed the offenses with which is he charged under 18 U.S.C. § 3142(e)(3)(A) and (B), thus raising a presumption of detention, which Defendant has not rebutted.

Considering the factors set forth above, including the nature and circumstances of this case, the weight of the evidence against Defendant as to detention, his criminal history and past conduct, this Court finds that the Magistrate Judge correctly determined that Defendant poses both a significant risk of flight and a danger to the community and should be detained.

Because Defendant has not overcome the presumption of detention under 18 U.S.C. § 3142(e) and has not established that COVID-19 presents a unique and compelling risk to him personally that would justify his release under 18 U.S.C. § 3142(i), Defendant's appeal of the Magistrate Judge's detention order is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  May 21, 2020